Woodruff v. Freeholders of Passaic.

STATE, EX REL. ABSALOM B. WOODRUFF, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC.

1. The "Act to provide for the payment of fixed annual salaries to the several prosecutors of the pleas of this state," passed March 12th, 1880, is a special law, and does not govern the compensation of a prosecutor whose term of office commenced before the passage of the act.
2. A law which operates upon the class to which it relates, with inequality, and does not have a uniform application on some general principle, is a special law.

On motion for *mandamus.* The facts fully appear in the opinion.

Argued at June Term, 1880, before Justices DIXON, REED and PARKER.

*A. B. Woodruff, in pro. pers.*

For the respondents, *Henry S. Drury.*

The opinion of the court was delivered by

PARKER, J.   The relator having been appointed and commissioned prosecutor of the pleas of the county of Passaic, qualified, on the 5th day of February, 1879, for the term of five years.

On the 12th day of March, 1880, an act was passed, entitled "An act to provide for the payment of fixed annual salaries to the several prosecutors of the pleas of this state." The first section provides that fixed annual salaries, instead of fees, shall be paid to the respective prosecutors of eight counties, therein designated, including the county of Passaic. The salaries fixed in that section vary in amount, the lowest being $400, and the highest $7000.   *Pamph. L., p.* 321.

At the passage of this act, there existed special laws, which had been passed from time to time, providing for salaries instead of fees, to the several prosecutors of all the other counties. The salaries fixed by these special laws also varied in amount, and in some cases compensation for an assistant was allowed.

The third section of the act of March 12th, 1880, provides that the salaries of the prosecutors of the pleas in the counties not named in the first section, which had theretofore been fixed by special acts, should be continued as thus established.

The relator claims compensation under the law applicable to him at the time his term of office commenced. His fees, under the law then existing, from March 13th, 1880, to June 14th, 1880, inclusive, amount to $662. This sum the relator demanded of the board of chosen freeholders. The board refused to pay him that amount, and insisted that he was entitled only to $500, being one quarter's salary, under the act of March 12th, 1880.

To compel the board of chosen freeholders to pay the relator the fees, under the law as it stood at the commencement of his term, this application for *mandamus* is made.

To solve the question involved in this controversy, it is necessary to inquire if the act of March 12th, 1880, is of such character as to apply to the compensation of the relator. It was passed after his term of office commenced, and if it be a special law, it cannot affect his fees.

Paragraph 11 of Section 7 of Article IV. of the constitution of this state, among other things, provides that the legislature shall not pass private local or special laws, creating, increasing, or decreasing the percentage or allowance of public officers, during the term for which said officers were elected or appointed. The same paragraph further provides that the legislature shall pass general laws providing for such case and others therein enumerated.

The solution of the question presented in this application,

therefore, depends upon whether the act of March, 1880, is a general or a special law.

A law which does not operate equally on all of the class to which it relates, but creates preferences and establishes inequalities, is not a general law. *Van Riper* v. *Parsons,* 11 *Vroom* 1.

To make a law general, it should have a uniform operation upon some general principle applicable to the subject. *Thomas* v. *Board of Canvassers,* 5 *Ind.* 4.

By the act now under consideration, the salaries are fixed arbitrarily. There is no attempt at classification in this regard. The lowest salary is $400, and the highest $9000, including compensation for an assistant. The act gives $2000 to the prosecutor of the county of Passaic, while to the prosecutor of another county—containing about the same population, and having about the same amount of criminal business—a compensation of $6000 is allowed.

There can be no difficulty in framing a law based upon some general principle, such as population or business, which would operate uniformly and without inequality, upon all the officers of this class. If such principle be wanting, the grouping together of a number of special laws, and re-enacting them in a single act, will not create a general law.

The conclusion is that the law in question is special, and does not apply to the relator, his term of office having commenced before its passage.

A *mandamus* will issue.